

FILED

06/30/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0334

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0334

JAMIE SCOTT CHANDLER,

Petitioner,

v.

REGINALD MICHAEL, Director,
Montana Department of Corrections,

Respondent.

FILED

JUN 30 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

ORDER

Representing himself, Jamie Scott Chandler has filed an Emergency Motion for Immediate Conditional Release due to the COVID-19 Pandemic along with a supporting brief. Upon review, this Court deems his motion a petition for an extraordinary writ, pursuant to M. R. App. P. 14(2), such as a writ of habeas corpus.

Chandler explains that he was sentenced for burglary and theft to a thirty-year Department of Corrections (DOC) term with twenty-five years suspended in 2002. He adds that this sentence was revoked in 2006, in 2013, and most recently because of a new felony offense. On February 25, 2020, Chandler states that he was sentenced for possession of dangerous drugs with intent to distribute to a fifteen-year suspended term. He states that he is fourteen months in his six-year DOC commitment—his recent sentence upon revocation.

Chandler requests his immediate conditional release because of the novel coronavirus pandemic. Chandler provides that he has two chronic, underlying conditions—high blood pressure and liver disease—that put him at a higher risk of death from such exposure to COVID-19. Chandler points out that under a DOC commitment, he could have been placed in the community but instead he has been held in the Missoula County Detention Facility with a soon-to-occur transfer to the Montana State Prison. He

requests placement with his wife and children in Helena and daily monitoring through an electronic supervision program. Chandler includes a copy of the letter he sent to the DOC's Director Reginald Michael, making similar requests. Chandler notes that he is a non-violent and non-sexual offender and that he should not have a death sentence imposed with the imposition of a prison term instead of community placement.

This Court cannot provide Chandler with the remedy of his immediate conditional release. Chandler's request rests on speculation that he may acquire the disease but such infection has not occurred. Chandler acknowledged that "so far the State of MT., and the Dept. of Correction[]s [have] been fairly lucky but for how long?" Even if we construed Chandler's pleading as a writ of injunction, that is, to enjoin the DOC from placing him at MSP, this Court cannot provide him his requested relief of placement in the community. M. R. App. P. 14(2).

This Court cannot provide Chandler relief in his challenge to a prison placement because it does not appear illegal. Section 46-22-101(1), MCA. The sentencing court, the Missoula County District Court, revoked Chandler's prior suspended six-year term. Chandler acknowledges in his pleading: "On March 11ᵗʰ, 2020, the MT. Dept of Correction[]s approved Chandler's placement to MT. State Prison with no attempts being made at community placement even though it was clearly the sentencing judge's intention that Chandler be placed in an 'appropriate treatment center.'" The Missoula County District Court has statutory authority to sentence Chandler upon revocation and to recommend placement after imposing an unsuspended DOC commitment. Section 46-18-203(7)(a)(iii), MCA. The final decision for placement resides with the DOC under DOC's statutory authority. Sections 46-23-1001 through 46-23-1041, MCA.

As a petition for habeas corpus relief, Chandler has not demonstrated illegal incarceration to warrant his conditional release. Section 46-22-101(1), MCA. Chandler is precluded from seeking such relief for a sentence upon revocation through this remedy. Section 46-22-101(2), MCA. Therefore,

2

IT IS ORDERED Chandler's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Jamie Scott Chandler personally.

DATED this 30th day of June, 2020.

_____
Chief Justice

_____

_____

_____

_____
Justices